Oakley J.
In Lyle v. Clason, (1 Caines’ R. 581,) the Supreme Court decided, that in every action for a libel, a publication of the libellous matter must be averred, that the sending of a sealed letter by the defendant to the plaintiff, is not a publication of the libel, and that any letter sent is to be presumed to have been sealed. The principle of that case is, that when the declaration shows a publication of the libel to the plaintiff only, the action cannot be sustained. The Court say, that the “ basis of the ac- “ tion is damages for the injury to the character, in the opinion of *175 “ others,” and that can only arise from publications to third persons. In the present case, the declaration alleges that the defendant composed, wrote, and delivered to theplaintijf, a certain libel, fyc., addressed and directed to the plaintiff, fyc. This averment does not show a publication of the libel. The plaintiff could not have sustained any injury by it, unless he communicated its contents to others, and of course had no right to sustain this action for damages. The first count falls clearly within the case of Lyle v. Clason, and the demurrer to it is well taken.
The secoud count sets forth, that the defendant “ did publish and cause and procure to be published,” a certain other libel, “ addressed to the plaintiff.” Here is a sufficient publication averred. Although it may be inferred, that the libel was in the form of a letter, addressed by the defendant to the plaintiff, yet, the publication may have been, by showing it to other persons, or even by inserting it in a newspaper. The particular mode of publication need not be set forth. The demurrer to the second count must, therefore, be overruled.
Judgment for the defendant on the demurrer to the 1st count, and for the plaintiff on the demurrer to the 2d count, with liberty to either party to amend.
[C. O’Conner, Att'y for the plff. E. Anthon, Att'y for the deft.]